**UNITED STATES COURT OF APPEALS**

**June 3, 2022**

**TENTH CIRCUIT**

**Christopher M. Wolpert**
**Clerk of Court**

---

ELESHA SOTO,

    Plaintiff - Appellant,

v.

GUS KALATZES; TARA KALATZES;
GEORGE LIODAKIS,

    Defendants - Appellees.

No. 21-4103
(D.C. No. 2:21-CV-00225-DBB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.

---

Ms. Elesha Soto, proceeding pro se,[1] appeals from the district court's

dismissal of her case for lack of subject-matter jurisdiction.  Ms. Soto sued

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1(a) and Tenth Circuit Rule 32.1(A).  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

[1]     Because Ms. Soto appears pro se, we construe her filings liberally, but do not act as her advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants Gus and Tara Kalatzes and George Liodakis (collectively "Defendants") about a lease dispute. All motions for the case were referred to a magistrate judge who recommended the suit be dismissed for lack of subject-matter jurisdiction. Ms. Soto did not object to the magistrate judge's report and recommendation. For this reason and based on the soundness of the magistrate judge's analysis and conclusions, the district court adopted the magistrate judge's report and recommendation and dismissed Ms. Soto's case for lack of subject-matter jurisdiction. Applying this circuit's firm waiver rule, we affirm.

## I

This case arises from a leasing dispute in Price, Utah. Mr. Kalatzes owned the space that Ms. Soto rented for her hair salon, and his wife Tara "handle[d] all the secretary duties" for the properties. R. at 21 (Compl., filed June 7, 2021). In March 2021, Ms. Soto was informed that her lease would not be renewed and would expire at the end of April 2021.

As a result, Ms. Soto filed suit in the District of Utah.[2] She brought her claims against the Kalatzeses, citizens of Utah, and George Liodakis, who, according to Ms. Soto, either was a citizen of Utah or "is a citizen of (foreign nation) Greece." *Id.* at 12–13 (underline omitted); *see also id.* at 5–6, 17. Using

---

[2]    Ms. Soto filed her suit on April 12, 2021, but her complaint was not docketed until her motion to proceed *in forma pauperis* was granted by the magistrate judge on June 7, 2021.

the district court's complaint forms, Ms. Soto brought three claims captioned as "Complaint for Violation of Civil Rights," "Complaint for the Conversion of Property," and "Complaint for Violation of Fair Labor Standards."[3]  *Id.* at 4, 10, 16 (capitalization omitted).  An attachment was included with these forms that detailed Ms. Soto's allegations against Defendants.  Ms. Soto's allegations centered on the Kalatzeses' decision to not renew her lease, but she also alluded to previous issues with her occupancy such as a failure to make repairs to the property, leasing to another salon in the same area, and overcharging for utilities. In various places in her complaint, Ms. Soto sought damages of $40,000.  She also motioned to proceed *in forma pauperis* ("IFP").  Ms. Soto's IFP motion was referred to a magistrate judge.[4]  The magistrate judge ordered Ms. Soto to

---

[3]     Ms. Soto initially filed a total of five pro se complaints alleging five causes of action.  Her claims were divided into two cases.  The companion case consisted of Ms. Soto's claims captioned as "Complaint for a Civil Case Alleging Breach of Contract" and "Complaint and Request for Injunction."  The proceedings in the companion case were nearly identical to this case in that the magistrate judge required Ms. Soto to show cause why the court had subject-matter jurisdiction over her claims.  The cases differ, however, because the district court dismissed Ms. Soto's two claims for lack of subject-matter jurisdiction without a report and recommendation from the magistrate judge. *See Soto v. Kalatzes*, No. 21-cv-223, 2021 WL 2829143 (D. Utah June 8, 2021). Therefore, there was no issue involving Ms. Soto's failure to timely object to a magistrate judge's report and recommendation.  A panel of this court affirmed the district court's dismissal.  *Soto v. Kalatzes*, No. 21-4081, 2021 WL 4839470, at *2 (10th Cir. Oct. 18, 2021) (unpublished).

[4]     Initially, Ms. Soto's entire case was assigned to a magistrate judge, but Ms. Soto did not consent to the magistrate judge presiding over her case and

(continued...)

3

supplement her IFP motion and to show cause why her case should not be

dismissed for lack of subject-matter jurisdiction.  Specifically, the magistrate

judge explained that it had a "serious concern that it lacks jurisdiction to hear this

case based on an initial review of the Complaint."  *Id.* at 110 (Order to Show

Cause, entered Apr. 23, 2021).  The magistrate judge stated, "Ms. Soto cannot

establish diversity jurisdiction because the action lacks complete diversity of

citizenship between the parties with Ms. Soto and all three of the defendants

residing in Utah," and "the $40,000 amount in damages does not meet the

minimum amount in controversy of more than $75,000."  *Id.* at 111.  The

magistrate judge also noted that "[a]lthough Ms. Soto's use of the provided forms

for a civil rights complaint and a fair labor standards complaint presumes [the

existence of] subject matter jurisdiction based on [a] federal question, merely

mentioning a constitutional provision or a federal statute, or captioning the

complaint as a federal question as is the case here, without providing factual

detail that invokes federal law, is not sufficient to establish federal question

jurisdiction."  *Id.*  The magistrate judge ended its order by warning that failure to

---

[4](...continued)
instead requested her case be reassigned to the district court.  The case was
reassigned to the district court.  The district court then referred all motions to the
magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a
magistrate judge . . . to submit to a judge of the court proposed findings of fact
and recommendations for the disposition, by a judge of the court . . . .").

show the existence of subject-matter jurisdiction would result in a recommendation to dismiss the case.

Ms. Soto timely replied to the show cause order, but she did not point to any facts to directly support either federal question jurisdiction or diversity jurisdiction over her claims. *See id.* at 97 (Resp. to Order to Show Cause, dated Apr. 28, 2021) (noting that "the case is a direct impact to my associated work affecting my complete manner of daily functions with a direct negative to my income very noticeable upon the invasion of unfair working labors in association to the ties of the government agencies and offices in direct establishments"); *id.* at 98 (seemingly acknowledging that "the court . . . lack[s] diversity jurisdiction pursuant to 28 USC 1332(a)"); *id.* ("Plaintiff alleges that properties owned and operating under LLC . . . is a Utah limited liability company that maintains its principal place of business in Utah Carbon County . . . .").

Yet even pro se plaintiffs, like Ms. Soto, bear the burden of demonstrating a proper basis for a federal court's subject-matter jurisdiction. *See, e.g.*, *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1025 (10th Cir. 2012) ("Even affording a liberal construction to the averments of [the pro se plaintiff's] complaint, however, we conclude that they are not sufficient to demonstrate the presence of federal-question jurisdiction. Accordingly, the district court lacked subject-matter jurisdiction over this case."); *Parker v. WI Waterstone, LLC*, 790

F. App'x 926, 929 (10th Cir. 2019) (unpublished) (noting that "[t]he burden to meet these requirements [of diversity jurisdiction] lies with [the pro se plaintiff], [and] . . . . [h]e has failed to do so" (citation omitted)); *Kucera v. Cent. Intel. Agency*, 754 F. App'x 735, 738 (10th Cir. 2018) (unpublished) ("[W]e have nevertheless studied [the pro se plaintiff's] complaint de novo and conclude that he has not alleged facts sufficient to show that the district court had subject-matter jurisdiction.").

Notably, Ms. Soto filed a motion for entry of default on June 21, 2021. She argued that she was entitled to an entry of default because Defendants had not responded to her complaint. On July 6, 2021, the magistrate judge denied the motion as premature. The magistrate judge explained that, as a result of Ms. Soto's proceeding IFP, the court is allowed "to screen the complaint in such a case to determine whether it should be served upon the named defendants or [be] dismissed." R. at 80 (Order on Entry of Default, dated July 6, 2021). And, because the magistrate judge had not yet completed the screening process, the magistrate judge had not yet determined whether the complaint should be served on Defendants. The magistrate judge further explained that "[i]t is unnecessary for Ms. Soto to take any further action to trigger that process." *Id.* at 81.

On the same day that the magistrate judge denied Ms. Soto's motion for entry of default, the magistrate judge entered a report and recommendation that

advised the district court to dismiss Ms. Soto's complaint *sua sponte* without prejudice for lack of subject-matter jurisdiction.  Specifically, the magistrate judge explained that "the complaint only alleges state-law claims, Plaintiff and Defendants are all citizens of Utah, and the amount in controversy is $25,000.  Thus, there is no federal question or diversity jurisdiction."  *Id.* at 83 (Magistrate Judge's R.&R., dated July 6, 2021).  The report and recommendation further made clear that "[t]he parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  Failure to object may constitute waiver of objections upon subsequent review." *Id.* (citations omitted).

On August 10, 2021, the district court adopted the magistrate judge's report and recommendation and dismissed Ms. Soto's case for lack of subject-matter jurisdiction.  The court explained that it did so "[b]ecause no party filed a written objection to the Report and Recommendation by the specified deadline, and because the Magistrate Judge's analysis and conclusions are sound."[5]  *Id.* at 131 (Dist. Ct. Order, entered Aug. 10, 2021).  On August 25, 2021, Ms. Soto filed a notice of appeal.  Because Ms. Soto did not object to the magistrate judge's report and recommendation, we directed Ms. Soto to "respond in writing why she did not

---

[5]     The district court noted that "the amount in controversy alleged in the Complaint is $40,000, not the $25,000 referenced in the Report and Recommendation."  R. at 131 n.4.

waive her right to appellate review of the district court's August 10, 2021 order by failing to timely object to the magistrate judge's July 7, 2021 recommendation." Order, No. 21-4103, at *2 (10th Cir., entered Aug. 26, 2021). Ms. Soto filed her response on October 7, 2021.

## II

"[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule means that "failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.*

But we have explained that this rule does not apply "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). When considering whether the interests of justice require review, we have identified several factors such as "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised" as "relevant considerations." *Id.* at 1120 (italics omitted).

8

## III

Because Ms. Soto did not file an objection to the magistrate judge's report and recommendation, ordinarily, we would extend appellate review to her claims only if at least one of the two *Morales-Fernandez* exceptions applies. For the reasons that follow, Ms. Soto does not demonstrate that either exception applies to her, and, therefore, our firm waiver rule bars appellate review of her claims.

### A

Ms. Soto cannot avail herself of the first exception to the firm waiver rule because the magistrate judge's report and recommendation clearly advised Ms. Soto that she must object within fourteen days and failure to do so "may constitute waiver of objections upon subsequent review." R. at 83. Thus, Ms. Soto was "informed of the time period for objecting and the consequences of failing to object." *Morales-Fernandez*, 418 F.3d at 1119. Consequently, the first exception does not apply to Ms. Soto.

### B

As for the second exception, Ms. Soto cannot show that "the 'interests of justice' require review" of her case. *Id.* (quoting *Moore*, 950 F.2d at 659). In reaching this conclusion, we consider Ms. Soto's reasons for not objecting to the magistrate judge's report and recommendation.

Liberally construing Ms. Soto's response to our show cause order, she appears to advance two claims for why she did not timely object to the magistrate judge's report and recommendation. First, Ms. Soto states that she was told that no further action was needed from her. And second, Ms. Soto suggests that, by filing other motions, she in effect—i.e., in substance—responded to the magistrate judge's report and recommendation, even though she did not lodge a formal objection.

First, Ms. Soto argues, "[o]n July 6, 2021[,] it was ordered [that] Ms. Soto take no further actions upon [the] case to trigger process." Aplt.'s Resp. to Show Cause Order at 2. To support this contention, Ms. Soto attaches and cites in her show cause response the magistrate judge's orders with relevant portions underlined. But in doing this, Ms. Soto actually highlights that the language regarding taking no further action to "trigger process" was not from the report and recommendation but instead from the order denying her motion for default judgment. There, the magistrate judge explained, "[i]t is unnecessary for Ms. Soto to take any further action to trigger that process." *Id.* at 9 (underline omitted). "[T]hat process"—which the magistrate judge referred to—was serving Ms. Soto's complaint on the named Defendants. What the order does *not* say—or even imply—is that it was unnecessary for Ms. Soto to take further action to object to the magistrate judge's report and recommendation. The magistrate

10

judge's report and recommendation clearly advised Ms. Soto that failing to timely object could result in her waiving appellate review. Therefore, Ms. Soto cannot excuse not objecting to the report and recommendation simply because she was told no further action was required in another context.

Second, Ms. Soto suggests that, by filing other motions, she in effect—that is, in substance—responded to the magistrate judge's report and recommendation—even though she did not lodge an objection to it. Specifically, she includes a timeline of orders entered by the court and her responses and other filings, saying, "[l]isted are [j]urisdiction responses on behalf of plaintiff Elesha Soto pro se." *Id.* at 3. We will liberally construe this timeline as advancing an argument that, by filing the motions, Ms. Soto, in substance, responded to the magistrate judge's report and recommendation—even though she did not file a formal objection. Most relevant here, Ms. Soto points out that she filed motions after the entry of the report and recommendation, which she describes as "[r]epeated response[s] to [j]urisdiction matters, [an] [a]ffidavit as to events" and an "[a]ffidavit writ of ex[ecution][;] request for decision[;] [f]inal jurisdiction evidence repeated and submitted." *Id.* at 3.

But it appears that these filings simply are renewed motions for default judgment that include attachments of various past filings and court documents. *See* R. at 84–85 (Mot. for Default J., filed July 9, 2021); *id.* at 125–26 (Appl. for

Writ of Execution, filed July 12, 2021).  None of these motions filed after the report and recommendation contest or discuss the existence of subject-matter jurisdiction—they simply, in different forms and fashions, request the entry of default judgment.  Therefore, Ms. Soto's second argument for avoiding application of the firm waiver rule is similarly unpersuasive.

**IV**

Because Ms. Soto fails to show why we should not apply our firm waiver rule as a result of her not objecting to the magistrate judge's report and recommendation, we **AFFIRM**.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge